UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br>　　　1300 L Street, NW<br>　　　Washington, DC 20005<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>GEORGE W. BUSH<br>PRESIDENT OF THE UNITED STATES<br>　　　1600 Pennsylvania Avenue<br>　　　Washington, DC 20500<br><br>JOHN E. POTTER<br>Postmaster General<br>United States Postal Service<br>　　　475 L'Enfant Plaza, SW<br>　　　Room 2P736<br>　　　Washington, DC  20260-0736,<br><br>　　　Defendants. | Civil Action No. |

## PETITION FOR WRIT OF MANDAMUS

### INTRODUCTION

This writ of mandamus is filed by the American Postal Workers Union, AFL-CIO

("APWU" or "Union"). APWU seeks an order directed to the President of the United States and

the Postmaster General of the United States Postal Service ("USPS" or "Postal Service") in the

nature of a mandamus order under 28 U.S.C. §1361, requiring the President  and the Postmaster

General to create a Postal Advisory Council ("Council") and appoint its members as required by

39 U.S.C. §206; and requiring the Postmaster General to consult with and seek advice from the

Council, as is also required by 39 U.S.C. §206.

PARTIES

1. Plaintiff American Postal Workers Union, AFL-CIO, is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005. APWU is a the collective bargaining representative of approximately 300,000 employees of the Postal Service and is party to several collective bargaining agreements with the United States Postal Service. APWU is the labor organization that represents the largest number of active postal employees.

2. Defendant George W. Bush is sued in his official capacity as President of the United States. Under 39 U.S.C. §206 the President is required to appoint eleven members of the Postal Service Advisory Council who, with the Postmaster General and the Deputy Postmaster General, constitute the Council .

3. Defendant John E. Potter is Postmaster General of the United States Postal Service. As such, he is the chief executive officer of the United States Postal Service. 39 U.S.C. §203. The Postmaster General is sued in his official capacity as Postmaster General and Chairman of the Council, to the extent responsibility for forming the Council may have been delegated to him and to the extent that the Postmaster General is the chief executive officer of the Postal Service and is responsible for insuring that the Postal Service consults with and receives the advice of the Council as required by 39 U.S. C. §206.

JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this complaint because it arises under the Federal mandamus statute, 28 U.S.C. §1361 as an action to compel officers of the Untied States to perform duties mandated by Act of Congress: 39 U.S. C. §206. The Court has jurisdiction to

2

grant the declaratory relief sought in  this complaint pursuant to the Declaratory Judgment Act,

28 U.S.C. §2201 and §2202.

5. Venue is proper in this District pursuant to 39 U.S.C. §409 and 28 U.S.C. §1391(b)

and (e) because the President and the Postmaster General reside in and are headquartered in this

District; and APWU resides in and acts for its members in this District.

## STATEMENT OF FACTS

6.  The APWU is the labor organization that represents the largest number of Postal

Service employees for purposes of collective bargaining. APWU is the collective bargaining

representative of USPS employees in several bargaining units: Clerks, Mail Equipment Shop

Employees, Maintenance Employees, Material Distribution Centers Employees, Motor Vehicle

Service Employees, Operating Services Employees, Information Technology/Administrative

Assistance Center Employees and Occupational Health Nurses. USPS employees in each of those

bargaining units are members of APWU; and APWU and USPS are parties to collective

bargaining agreements covering employees in those bargaining units.

7. The USPS is an independent establishment of the executive branch of the Government

of the United States and a government agency. The Postal Service operates pursuant to the

mandate of, and subject to the requirements of, the Postal Reorganization Act (39 U.S.C. §101 et

seq.), as amended and supplemented by the Postal Accountability and Enhancement Act,

("PAEA") P.L. 109-435, 120 Stat. 3198 (2006).

8. Section 206 of the Postal Reorganization Act ("PRA") as amended and supplemented

(39 U.S.C. §206),  requires creation of the Council, and appointment of Council members by the

President. Section 206 also requires USPS consultation with the Council and USPS receipt of

3

advice from the Council on all aspects of postal operations.

9. On September 28, 2007, APWU President William Burrus wrote to Postmaster General
Potter noting that PRA Section 206 requires the creation of the Council, appointment of Council
members and USPS consultation with the Council; but that the Council had not been created,
appointments to the Council had not been made and there had been no USPS consultation with
the Council. President Burrus also noted that given certain new mandates, directions and rules for
the USPS in the Postal Accountability and Enhancement Act , and given new challenges faced by
the USPS as a result of technological and economic changes, USPS consultation with the
Council was especially important. APWU President Burrus requested prompt compliance with
Section 206 of the PRA as amended and supplemented.

10. The Postmaster General did not respond to the September 28, 2007 letter of APWU
President Burrus. And no steps were taken by President Bush or the Postmaster General to create
the Council, appoint its members and/or begin USPS consultation with the Council.

11. On April 11, 2008, APWU President Burrus wrote to President Bush. APWU
President Burrus  again noted that Section 206 requires the creation of the Council, appointment
of Council members and USPS consultation with the Council; but that the Council had not been
created, appointments to the Council had not been made and there had been no USPS
consultation with the Council. President Burrus again asserted that new mandates, directions and
rules for the USPS in the Postal Accountability and Enhancement Act , and new challenges faced
by the USPS as a result of technological and economic changes, made USPS consultation with
the Council especially important. APWU President Burrus further advised President Bush
 that APWU President Burrus had written to the Postmaster General about the Council on

4

September 28, 2007 and a copy of that letter was enclosed with the letter to President Bush.

President Bush was requested to bring about prompt compliance with Section 206 of the PRA as

amended and supplemented.

12. President Bush did not respond to the April 11, 2008 letter of APWU President

Burrus. And no steps were taken by President Bush or the Postmaster General to create the

Council, appoint its members and or begin USPS consultation with the Council.

13. As of the date of this complaint the President has not appointed members of the

Council, and the Council has not met.

14. As of the date of this complaint the Postal Service has not consulted with and has not

received the advice of the Council.

<u>CAUSE OF ACTION</u>

15. APWU incorporates by reference as if fully set forth herein each and every allegation

of paragraphs 1 through 14.

16. Section 206 of the Postal Reorganization Act as amended and supplemented, 39

U.S.C. §206 provides, in pertinent part:

> (a) There shall be a Postal Service Advisory Council of which the Postmaster General shall be the Chairman and the Deputy Postmaster General shall be the Vice Chairman. The Advisory Council shall have 11 additional members appointed by the President. He shall appoint as such members

>> (1) 4 persons from among persons nominated by those labor organizations recognized as collective-bargaining representatives for employees of the Postal Service in one or more collective-bargaining units,

>> (2) 4 persons as representatives of major mail users, and

>> (3) 3 persons as representatives of the public at large. All members shall be appointed for terms of 2 years except that, of those first appointed, 2 of the members representative of labor organizations, 2 of the members representative of

5

major postal users, and 1 member representing the public at large shall be appointed for 1 year. Any member appointed to fill a vacancy occurring before the expiration of the term for which his predecessor was appointed shall serve for the remainder of such term.

(b) The Postal Service shall consult with and receive the advice of the Advisory Council regarding all aspects of postal operations.

17. The Postal Service Advisory Council has not been created and the President has made no appointments to the Council. The USPS has not consulted with, or received advice from, the Council.

18. By failing and refusing to create the Council and to appoint its members, the President has failed to perform a non-discretionary duty required by Section 206 of the Postal Reorganization Act as amended and supplemented.

19. By failing and refusing to perform his duties with respect to creation of the Council and appointment of its members, the Postmaster General has failed to perform a non-discretionary duty required by Section 206 of the Postal Reorganization Act as amended and supplemented.

20. By failing and refusing to ensure that the USPS has consulted with, and received advice from the Council, the Postmaster General has failed to perform a non-discretionary duty required by Section 206 of the Postal Reorganization Act as amended and supplemented.

21. There are four large unions representing postal employees: the APWU, the National Association of Letter Carriers (NALC), the Rural Letter Carriers Association, and the Mail Handlers Union. Because the APWU is the largest of the postal unions, it is very likely that an APWU nominee will be one of the four union representatives appointed to the Postal Service Advisory Council under Section 206 of the PRA.

6

22. Regardless of whether APWU's own nominee is one of the union-nominated members appointed to the Council, APWU and its members have a substantial interest in the appointment of labor organization representative members of the Council. Union-represented employees of the Postal Service have substantially similar interests and viewpoints with regard to many important postal programs and policies that affect postal employees, Council members nominated by other postal unions would therefore represent the views of APWU and its members in their service on the Council.

23. Other parties interested in postal operations, particularly large mailers whose interests are often adverse to those of the postal unions and postal workers, and whose financial interests are often adverse to those of the Postal Service, have an avenue to consult with and provide advice to the Postal Service about postal operations through participation in organizations that are members of the Mailers Technical Advisory Council ("MTAC"). APWU has attempted to become a member of MTAC and to participate in MTAC proceedings, but such attempts were rebuffed by the USPS and MTAC. APWU's legal challenge to the USPS and MTAC denial of APWU membership in MTAC and participation in MTAC proceedings was dismissed.

24. APWU and its members have been substantially harmed by the failure and refusal of President Bush and the Postmaster General to perform their non-discretionary duties under Section 206 of the PRA. The failure of the defendants to establish the Council, appoint its members and arrange for the USPS to receive advice from the Council and to consult with the Council, including four union-nominated members, as required by Section 206 has denied, and is denying, the APWU and the employees it represents the right to have union-nominated members of the Council give advice to and consult with the USPS about "aspects of postal operations" that

7

have a direct bearing on the employment and welfare of postal employees represented by the APWU. Among "aspects of postal operations" that affect postal workers that should have been, and should be, the subjects of advice from the Council and USPS consultation with the Council are: technological changes contemplated by the Postal Service; USPS network realignments; changes to USPS mail processes including as to receipt, sortation and delivery of the mail; staffing and employee complement and utilization decisions such as the decision to reduce employment through offers of early retirement and the terms on which such offers would be made; changes in postal rules and processes advocated by other interested parties; and economic and structural challenges faced by the USPS.

25. This Court has jurisdiction under the Mandamus Act to compel defendants to perform their non-discretionary duties pursuant to Section 206 of the Postal Reorganization Act as amended and supplemented.

REQUEST FOR RELIEF

WHEREFORE, APWU respectfully asks this Court to:

A.  DECLARE that the President has failed to perform non-discretionary duties required by Section 206 of the Postal Reorganization Act as amended and supplemented by failing and refusing to create the Council and to appoint its members.

B. DECLARE that the Postmaster General has failed and refused to perform non-discretionary duties with respect to creation of the Council and appointment of its members and with respect to ensuring that the USPS has consulted with, and received advice from the Council, as required Section 206 of the Postal Reorganization Act as amended and supplemented.

C. ORDER the President to perform his duty by creating the Council and appointing its members.

D. ORDER the Postmaster General to perform his duty with respect to creation of the Council and appointment of its members, and with respect to ensuring that the USPS consults with and receives advice from the Council.

E. GRANT such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Darryl J. Anderson
Richard S. Edelman
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
e-mail: Danderson@odsalaw.com
        Redelman@odsalaw.com

Attorneys for Plaintiff American Postal Workers Union

July 16, 2008

9

**I (a) PLAINTIFFS**

American Postal Workers Union, AFL-CIO
1300 L Street, N.W.
Washington, D.C. 20005

**DEFENDANTS**

George W. Push, President of the United States
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

John E. Potter, Postmaster General
United States Postal Service
475 l'Enfant Plaza, S.W. Room 2P736
Washington, D.C. 20260-0736

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Darryl J. Anderson
Richard Edelman
O'Donnell, Schwartz & Anderson, P.C.
Suite 1200
Washington, D.C. 20005

Case: 1:08-cv-01214
Assigned To : Robertson, James
Assign. Date : 7/16/2008
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

● 3 Federal Question
    (U.S. Government Not a Party)

○ 2 U.S. Government
    Defendant

○ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**      OR      ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☒ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

VB

④

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S. 1361 President But and Postmaster General have failed to perform non-discretionary duties under 39 U.S.C. 206

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ ⌐ n/a ¬   Check YES only if demanded in complt   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐   NO ☐   If yes, please complete related case form.

DATE 7/15/08   SIGNATURE OF ATTORNEY OF RECORD _Richard S. Edelman_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.