UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO<br>   1300 L Street, NW<br>   Washington, DC 20005<br><br>   Plaintiff,<br><br>       v.<br><br>GEORGE W. BUSH<br>PRESIDENT OF THE UNITED STATES<br>   1600 Pennsylvania Avenue<br>   Washington, DC 20500<br><br>JOHN E. POTTER<br>Postmaster General<br>United States Postal Service<br>   475 L'Enfant Plaza, SW<br>   Room 2P736<br>   Washington, DC  20260-0736,<br><br>   Defendants. | Civil Action No. 1:08-cv-1214 |

## AMENDED PETITION FOR WRIT OF MANDAMUS

INTRODUCTION

This writ of mandamus is filed by the American Postal Workers Union, AFL-CIO ("APWU" or "Union"). APWU seeks an order directed to the President of the United States and the Postmaster General of the United States Postal Service ("USPS" or "Postal Service") in the nature of a mandamus order under 28 U.S.C. §1361, requiring the President and the Postmaster General to create a Postal Advisory Council ("Council") and appoint its members as required by 39 U.S.C. §206; and requiring the Postmaster General to consult with and seek advice from the

Council, as is also required by 39 U.S.C. §206.

## PARTIES

1. Plaintiff American Postal Workers Union, AFL-CIO, is an unincorporated labor organization with its offices at 1300 L Street, N.W., Washington, D.C. 20005. APWU is a the collective bargaining representative of approximately 300,000 employees of the Postal Service and is party to several collective bargaining agreements with the United States Postal Service. APWU is the labor organization that represents the largest number of active postal employees.

2. Defendant George W. Bush is sued in his official capacity as President of the United States. Under 39 U.S.C. §206 the President is required to appoint eleven members of the Postal Service Advisory Council who, with the Postmaster General and the Deputy Postmaster General, constitute the Council .

3. Defendant John E. Potter is Postmaster General of the United States Postal Service. As such, he is the chief executive officer of the United States Postal Service. 39 U.S.C. §203. The Postmaster General is sued in his official capacity as Postmaster General and Chairman of the Council, to the extent responsibility for forming the Council may have been delegated to him and to the extent that the Postmaster General is the chief executive officer of the Postal Service and is responsible for insuring that the Postal Service consults with and receives the advice of the Council as required by 39 U.S. C. §206.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this complaint because it arises under the Federal mandamus statute, 28 U.S.C. §1361 as an action to compel officers of the Untied States to perform duties mandated by Act of Congress: 39 U.S. C. §206. The Court has jurisdiction to

grant the declaratory relief sought in this complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202.

5. Venue is proper in this District pursuant to 39 U.S.C. §409 and 28 U.S.C. §1391(b) and (e) because the President and the Postmaster General reside in and are headquartered in this District; and APWU resides in and acts for its members in this District.

## STATEMENT OF FACTS

6. The APWU is the labor organization that represents the largest number of Postal Service employees for purposes of collective bargaining. APWU is the collective bargaining representative of USPS employees in several bargaining units: Clerks, Mail Equipment Shop Employees, Maintenance Employees, Material Distribution Centers Employees, Motor Vehicle Service Employees, Operating Services Employees, Information Technology/Administrative Assistance Center Employees and Occupational Health Nurses. USPS employees in each of those bargaining units are members of APWU; and APWU and USPS are parties to collective bargaining agreements covering employees in those bargaining units.

7. The USPS is an independent establishment of the executive branch of the Government of the United States and a government agency. The Postal Service operates pursuant to the mandate of, and subject to the requirements of, the Postal Reorganization Act (39 U.S.C. §101 et seq.), as amended and supplemented by the Postal Accountability and Enhancement Act, ("PAEA") P.L. 109-435, 120 Stat. 3198 (2006).

8. Section 206 of the Postal Reorganization Act ("PRA") as amended and supplemented (39 U.S.C. §206), requires creation of the Council, and appointment of Council members by the President. Section 206 also requires USPS consultation with the Council and USPS receipt of

advice from the Council on all aspects of postal operations.

    9. On September 28, 2007, APWU President William Burrus wrote to Postmaster General Potter noting that PRA Section 206 requires the creation of the Council, appointment of Council members and USPS consultation with the Council; but that the Council had not been created, appointments to the Council had not been made and there had been no USPS consultation with the Council. President Burrus also noted that given certain new mandates, directions and rules for the USPS in the Postal Accountability and Enhancement Act , and given new challenges faced by the USPS as a result of technological and economic changes, USPS consultation with the Council was especially important. APWU President Burrus requested prompt compliance with Section 206 of the PRA as amended and supplemented.

    10. The Postmaster General did not respond to the September 28, 2007 letter of APWU President Burrus. And no steps were taken by President Bush or the Postmaster General to create the Council, appoint its members and/or begin USPS consultation with the Council.

    11. On April 11, 2008, APWU President Burrus wrote to President Bush. APWU President Burrus  again noted that Section 206 requires the creation of the Council, appointment of Council members and USPS consultation with the Council; but that the Council had not been created, appointments to the Council had not been made and there had been no USPS consultation with the Council. President Burrus again asserted that new mandates, directions and rules for the USPS in the Postal Accountability and Enhancement Act , and new challenges faced by the USPS as a result of technological and economic changes, made USPS consultation with the Council especially important. APWU President Burrus further advised President Bush  that APWU President Burrus had written to the Postmaster General about the Council on

September 28, 2007 and a copy of that letter was enclosed with the letter to President Bush. President Bush was requested to bring about prompt compliance with Section 206 of the PRA as amended and supplemented.

12. An assistant to President Bush responded to the April 11, 2008 letter of APWU President Burrus by letter dated June 20, 2008 which was received by APWU President Burrus on July 16, 2008. The June 20, 2008 letter asserted that the Council was "terminated", and stated that no appointments have been made since 1974.

13. Section 206 of the PRA has not been repealed or amended.

14. In 2006 the PAEA was enacted to amend and supplement the PRA. The PAEA amended various provisions of the PRA and provisions of certain other statutes that deal with or relate to the USPS, but did not amend or alter PRA Section 206.

15. As of the date of this complaint the President has not appointed members of the Council, and the Council has not met.

16. As of the date of this complaint the Postal Service has not consulted with and has not received the advice of the Council.

## CAUSE OF ACTION

17. APWU incorporates by reference as if fully set forth herein each and every allegation of paragraphs 1 through 16.

18. Section 206 of the Postal Reorganization Act as amended and supplemented, 39 U.S.C. §206 provides, in pertinent part:

> (a) There shall be a Postal Service Advisory Council of which the Postmaster General shall be the Chairman and the Deputy Postmaster General shall be the Vice Chairman. The Advisory Council shall have 11 additional members appointed by the President. He shall appoint as such members

5

    (1) 4 persons from among persons nominated by those labor organizations recognized as collective-bargaining representatives for employees of the Postal Service in one or more collective-bargaining units,

    (2) 4 persons as representatives of major mail users, and

    (3) 3 persons as representatives of the public at large. All members shall be appointed for terms of 2 years except that, of those first appointed, 2 of the members representative of labor organizations, 2 of the members representative of major postal users, and 1 member representing the public at large shall be appointed for 1 year. Any member appointed to fill a vacancy occurring before the expiration of the term for which his predecessor was appointed shall serve for the remainder of such term.

  (b) The Postal Service shall consult with and receive the advice of the Advisory Council regarding all aspects of postal operations.

19. PRA Section 206 remains in effect, is mandatory in its terms, and imposes non-discretionary duties on the President of the United States and the Postmaster General.

20. The Postal Service Advisory Council has not been created and the President has made no appointments to the Council. The USPS has not consulted with, or received advice from, the Council.

21. By failing and refusing to create the Council and to appoint its members, the President has failed to perform a non-discretionary duty required by Section 206 of the Postal Reorganization Act as amended and supplemented.

22. By failing and refusing to perform his duties with respect to creation of the Council and appointment of its members, the Postmaster General has failed to perform a non-discretionary duty required by Section 206 of the Postal Reorganization Act as amended and supplemented.

23. By failing and refusing to ensure that the USPS has consulted with, and received advice from the Council, the Postmaster General has failed to perform a non-discretionary duty

required by Section 206 of the Postal Reorganization Act as amended and supplemented.

24. There are four large unions representing postal employees: the APWU, the National Association of Letter Carriers (NALC), the Rural Letter Carriers Association, and the Mail Handlers Union. Because the APWU is the largest of the postal unions, it is very likely that an APWU nominee will be one of the four union representatives appointed to the Postal Service Advisory Council under Section 206 of the PRA.

25. Regardless of whether APWU's own nominee is one of the union-nominated members appointed to the Council, APWU and its members have a substantial interest in the appointment of labor organization representative members of the Council. Union-represented employees of the Postal Service have substantially similar interests and viewpoints with regard to many important postal programs and policies that affect postal employees, Council members nominated by other postal unions would therefore represent the views of APWU and its members in their service on the Council.

26. Other parties interested in postal operations, particularly large mailers whose interests are often adverse to those of the postal unions and postal workers, and whose financial interests are often adverse to those of the Postal Service, have an avenue to consult with and provide advice to the Postal Service about postal operations through participation in organizations that are members of the Mailers Technical Advisory Council ("MTAC"). APWU has attempted to become a member of MTAC and to participate in MTAC proceedings, but such attempts were rebuffed by the USPS and MTAC. APWU's legal challenge to the USPS and MTAC denial of APWU membership in MTAC and participation in MTAC proceedings was dismissed.

27. APWU and its members have been substantially harmed by the failure and refusal of

President Bush and the Postmaster General to perform their non-discretionary duties under Section 206 of the PRA. The failure of the defendants to establish the Council, appoint its members and arrange for the USPS to receive advice from the Council and to consult with the Council, including four union-nominated members, as required by Section 206 has denied, and is denying, the APWU and the employees it represents the right to have union-nominated members of the Council give advice to and consult with the USPS about "aspects of postal operations" that have a direct bearing on the employment and welfare of postal employees represented by the APWU. Among "aspects of postal operations" that affect postal workers that should have been, and should be, the subjects of advice from the Council and USPS consultation with the Council are: technological changes contemplated by the Postal Service; USPS network realignments; changes to USPS mail processes including as to receipt, sortation and delivery of the mail; staffing and employee complement and utilization decisions such as the decision to reduce employment through offers of early retirement and the terms on which such offers would be made; changes in postal rules and processes advocated by other interested parties; and economic and structural challenges faced by the USPS.

28. This Court has jurisdiction under the Mandamus Act to compel defendants to perform their non-discretionary duties pursuant to Section 206 of the Postal Reorganization Act as amended and supplemented.

REQUEST FOR RELIEF

WHEREFORE, APWU respectfully asks this Court to:

A. DECLARE that the President has failed to perform non-discretionary duties required by Section 206 of the Postal Reorganization Act as amended and supplemented by failing and

refusing to create the Council and to appoint its members.

B. DECLARE that the Postmaster General has failed and refused to perform non-discretionary duties with respect to creation of the Council and appointment of its members and with respect to ensuring that the USPS has consulted with, and received advice from the Council, as required Section 206 of the Postal Reorganization Act as amended and supplemented.

C. ORDER the President to perform his duty by creating the Council and appointing its members.

D. ORDER the Postmaster General to perform his duty with respect to creation of the Council and appointment of its members, and with respect to ensuring that the USPS consults with and receives advice from the Council.

E. GRANT such other and further relief as the Court may deem just and proper.

Respectfully submitted,

 /s/ Richard S. Edelman
Darryl J. Anderson
(D.C. Bar No. 154567)
Richard S. Edelman
(D.C. Bar No. 414348)
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
e-mail: Danderson@odsalaw.com
         Redelman@odsalaw.com

Attorneys for Plaintiff American Postal Workers Union

July 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused the foregoing Amended Petition for Writ of Mandamus to be filed and served by electronic transmission through the Court's electronic case filing system, and caused copies of the amended petition to be served by First Class mail upon the following:

George W. Bush
President of the United States
1600 Pennsylvania Avenue
Washington, DC 20500

John E. Potter
Postmaster General
United States Postal Service
475 L'Enfant Plaza, SW
Room 2P736
Washington, DC 20260-0736

Michael B. Muskasey
Attorney General
U.S. Department of Justice
10th Street & Constitution Ave., N.W.
Washington, DC 20530

Civil Process Clerk
U.S. Attorney for the District
  Of Columbia
555 4th Street, N.W.
Washington, DC 20001

July 18, 2008

/s/_____
Richard S. Edelman